**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOSANA RIBIERO-CAMPOS, ET AL., | No.   22-185 |
| Petitioner, | Agency Nos. |
| v. | A213-075-048<br>A213-075-049 |
| MERRICK B. GARLAND, Attorney General, | A213-075-050 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023**
Anchorage, Alaska

Before: MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

Rejany Batista-de Lima Pires, her husband Weslei Pires-da Silva, and her

cousin Hosana Ribeiro-Santos[1] (collectively "petitioners") petition for review of the

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] According to petitioners' counsel, Hosana's last name is "Ribeiro-Santos," not "Ribiero-Campos," as listed in the caption.

Board of Immigration Appeals' decision affirming an immigration judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252 and reviewing the denials and the underlying factual determinations for substantial evidence, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019), we deny the petition.

The Board's adverse credibility finding is supported by substantial evidence. The agency specifically and cogently explained that petitioners' accounts were inherently implausible because the action that they claimed precipitated their alleged persecution occurred *after* the persecution had already begun. *See Lalayan v. Garland*, 4 F.4th 822, 835–38 (9th Cir. 2021); 8 U.S.C. § 1158(b)(1)(B)(iii). In addition, the agency cited numerous inconsistencies and unreasonable explanations in petitioners' testimony and documentary evidence regarding events that undergird their claims for relief. These inconsistencies provide substantial evidence to support the agency's conclusion that petitioners cannot establish eligibility for relief with credible evidence. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093–94 (9th Cir. 2021) (per curiam); *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

***

**PETITION DENIED.**

2